Dean L. Silverberg, Esq.
Douglas Weiner, Esq.
Epstein Becker & Green, P.C.
250 Park Avenue
New York, NY 10177
Phone:  (212) 351-4500
Fax:     (212) 878-8681

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------x
OSCAR GARCIA, ANDREY ZAHARIEV,          :
RINAT KHASSANOV, and KRZYSZTOF          :
GARNEK, Individually and on Behalf of   :
All Other Persons Similarly Situated,   :          ECF CASE
                                        :
                   Plaintiffs,          :
                                        :          Case No.: 08 Civ 9356 (LTS)
          -against-                     :
                                        :
LA REVISE ASSOCIATES LLC, JEAN          :
DENOYER, REGIS MARINIER,                :
BERNARD COLLIN And JOHN DOES #1-10,     :
                                        :
                   Defendants.          :
-------------------------------------------------------------x

## DEFENDANTS' ANSWER TO THE COMPLAINT
## AND JURY DEMAND

Defendants La Revise Associates LLC, Jean Denoyer, Regis Marinier and

Bernard Collin (hereinafter referred to as "Defendants"), through their attorneys, Epstein Becker

& Green, P.C., hereby Answer the Complaint and Jury Demand ("Complaint") as follows:

1.      Defendants deny the allegations in paragraph 1 or that they violated any law with

respect to the plaintiff or any employee the plaintiff purports to represent in a putative class.

Plaintiffs were paid the proper wage, minimum wage, overtime, tips and gratuities at all times.

NY:3112107v1

2.      Defendants deny the allegations in paragraph 2 or that they violated any law with respect to plaintiffs or anyone plaintiffs purport to represent.  Plaintiffs were paid the proper wage, minimum wage, overtime, tips and gratuities at all times.

3.      Paragraph 3 contains conclusions of law to which no response is required.  This Court should decline supplemental federal jurisdiction over the state law claims pursuant to 28 U.S.C. 1367 because there is an inherent conflict between the opt-in requirements of the Fair Labor Standards Act ("FLSA") for federal jurisdiction, and the opt-out Rule 23 procedures sought by plaintiffs for the supplemental claims pursuant to state law.  Further this Court should sever and dismiss supplemental claims for the period before October 2005, prior to there being any federal subject matter jurisdiction.  The Fair Labor Standards Act has a 2 year statute of limitations, unless the plaintiff proves a willful violation when the limitation period is extended to 3 years.  The use of Rule 23 to bring questions under state law for adjudication in federal court raises many substantive and procedural issues separate and apart from the issues raised by the allegations of violation of the Fair Labor Standards Act.  Defendants deny they violated any federal or state law or that they engaged in any unlawful conduct with regard to the plaintiffs that could give rise to a claim.

4.      Paragraph 4 contains a conclusion of law to which no response is required.  This Court should decline supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. 1367 because there is an inherent conflict between the opt-in requirements of the FLSA for federal jurisdiction, and the opt-out Rule 23 procedures used for the supplemental claims pursuant to state law.  Further this Court should sever and dismiss supplemental claims for the period prior to October 2005 where there is no federal subject matter jurisdiction.  The Fair Labor Standards Act has a 2 year statute of limitations, unless the plaintiff proves a willful

violation when the limitation period is extended to 3 years.  The use of Rule 23 to bring questions under state law for adjudication in federal court raises many substantive and procedural issues separate and apart from the issues raised by the allegations of violation of the Fair Labor Standards Act.  Defendants deny they violated any federal or state law or that it engaged in any unlawful conduct with regard to the plaintiffs that could give rise to a claim.

5.      Paragraph 5 contains a conclusion of law to which no response is required.

6.      Paragraph 6 contains a conclusion of law to which no response is required.

7.      Defendants deny knowledge or information sufficient to form a belief to admit or deny the allegations of paragraph 7.

8.      Defendants deny knowledge or information sufficient to form a belief to admit or deny the allegations of paragraph 8.

9.      Defendants deny knowledge or information sufficient to form a belief to admit or deny the allegations of paragraph 9.

10.     Defendants deny knowledge or information sufficient to form a belief to admit or deny the allegations of paragraph 10.

11.     Defendants admit the allegations in paragraph 11.

12.     Defendants deny the allegations in paragraph 12.

13.     Defendants deny the allegations in paragraph 13.

14.     Defendants deny there were ever any wage violations to plaintiffs or any other employees.  All employees were paid proper wages.  Defendants deny the allegations of paragraph 14.

15.     Defendants deny there is numerosity or any basis for a collective action, and deny the allegations in paragraph 15.

16.     Denies knowledge or information sufficient to form a belief to admit or deny the allegations in paragraph 16.

17.     Defendants deny the allegations in paragraph 17.   Defendants deny that a collective action is superior to an adjudication of the plaintiffs' individual claims.

18.     Defendants deny the allegations in paragraph 18.   Individual analysis of the facts of each claim predominates over common questions.

19.     Defendants deny the allegations in paragraph 19.   Defendants deny that a collective action is superior to an administrative proceeding or joinder of individual claims.

20.     Paragraph 20 contains a conclusion of law to which no response is required. FRCP Rule 23 uses opt-out procedure which has in inherent conflict with the opt-in requirements of the FLSA.   None of the prerequisite criteria of a class action can be demonstrated by plaintiffs.   Defendants deny the allegations in paragraph 20.

21.     Defendants deny the allegations in paragraph 21.   There can be no claim based on *Samiento v. World Yacht* prior to its publication in February 2008.

6.     Defendants deny the allegations in paragraph 6.[1]

7.     Defendants deny the allegations in paragraph 7.   A class action is not a superior method to achieve a fair and efficient adjudication of this controversy.

8.     Defendants deny the allegations in paragraph 8.

---

[1]     Plaintiffs' Complaint renumbers the paragraphs from page 7, starting with another number 6, *et. Seq.*   To avoid confusion, Defendants are responding to the paragraphs as numbered in the Complaint by Plaintiffs.

9.      Defendants deny knowledge or information sufficient to form a belief to admit or deny the allegations of paragraph 9.

10.      Defendants deny the allegations in paragraph 10.

11.      Defendants deny the allegations in paragraph 11.   Individual questions predominate over common questions.

12.      Defendants deny the allegations in paragraph 12.

13.      Defendants deny the allegations in paragraph 13.   The restaurant has only been open and doing business for less than three years

14.      Defendants admit the allegations in paragraph 14.

15.      Defendants deny the allegations in paragraph 15.

16.      Defendants deny the allegations in paragraph 16.

17.      Defendants deny the allegations in paragraph 17.

18.      Defendants deny the allegations in paragraph 18.   The direct wage paid by the defendants was supplemented by tips in excess of the requirements of law.

19.      Defendants deny the allegations in paragraph 19.   Captains are wait staff employees.

20.      Defendants deny the allegations in paragraph 20.   The allegation that Captains are owners, employers or managers is false.

21.      Defendants deny the allegations in paragraph 21.   The staffing of shifts varied.

22.      Defendants deny the allegations in paragraph 22.

23.     Defendants deny the allegations in paragraph 23.

24.     Defendants deny the allegations in paragraph 24.

25.     Defendants deny the allegations in paragraph 25.  Distribution of tips in a bona fide tip pool is proper.

26.     Defendants deny the allegations in paragraph 26.  Captains were members of the wait staff.

27.     Defendants admit the allegations in paragraph 27.

28.     Defendants deny the allegations in paragraph 28.  Prior to February 2006, the restaurant was not open for business and no one was employed.

29.     Defendants admit that when overtime hours were occasionally worked, overtime wages were properly paid.

30.     Defendants deny the allegations in paragraph 30.

31.     Defendants deny the allegations in paragraph 31.

32.     Defendants deny the allegations in paragraph 32.

33.     Defendants deny the allegations in paragraph 33.

34.     Defendants admit the allegations in paragraph 34, but deny the allegations are relevant.

35.     Defendants deny the allegations in paragraph 35, and deny the allegations are relevant.

36.     Defendants admit the allegations in paragraph 36, but deny the allegations are relevant.

37.     Defendants deny the allegations in paragraph 37.

38.     Defendants deny the allegations in paragraph 38.

39.     Defendants deny the allegations in paragraph 39.

40.     Defendants deny the allegations in paragraph 40.

41.     Defendants deny the allegations in paragraph 41.

42.     Defendants deny the allegations in paragraph 42.  Defendants' payroll records are accurate and sufficient.

43.     Defendants deny the allegations in paragraph 43.  Defendants posted the proper notice.

44.     Defendants deny the allegations in paragraph 44.

45.     Defendants repeat and reiterate their responses to paragraphs 1-44 as if recited at length, and otherwise deny the allegations in paragraph 45.

46.     Defendants deny the allegations in paragraph 46 with regard to "all relevant times".

47.     Defendants deny the allegations in paragraph 47 with regard to "all relevant times".

48.     Defendants admit the allegations in paragraph 48 with regard to the corporate defendant.

49.     Defendants admit the allegations in paragraph 49.

50.     Defendants deny the allegations in paragraph 50.

51.     Defendants deny the allegations in paragraph 51.

52.     Defendants deny the allegations in paragraph 52.

53.     Defendants deny the allegations in paragraph 53.

54.     Defendants deny the allegations in paragraph 54.

55.     Defendants repeat and reiterate their responses to paragraphs 1-54 as if recited at length, and otherwise deny the allegations in paragraph 55.

56.     Defendants deny the allegations in paragraph 56 with regard to "at all relevant times".

57.     Defendants deny the allegations in paragraph 57.

58.     Defendants deny the allegations in paragraph 58.

59.     Defendants deny the allegations in paragraph 59.

60.     Paragraph 60 contains a conclusion of law to which no response is required.


Defendants deny that plaintiffs are entitled to any of the relief they seek in the PRAYER FOR RELIEF clause following paragraph 60.   Defendants deny each and every allegation set forth in the PRAYER FOR RELIEF and deny that plaintiffs, or anyone plaintiffs purport to represent, is entitled to relief of any kind.

## DEFENSES

As and for its affirmative and other defenses, Defendants state as follows:

### FIRST DEFENSE

Defendants paid plaintiffs proper minimum wages.

### SECOND DEFENSE

Defendants paid plaintiffs proper overtime wages.

### THIRD DEFENSE

Defendants paid plaintiffs proper tips and gratuities.

### FOURTH DEFENSE

Plaintiffs are not typical of a putative class or representative of any collective action.

### FIFTH DEFENSE

Plaintiffs were properly paid for all the hours they worked.

### SIXTH DEFENSE

Plaintiffs seldom worked overtime, but were paid properly when they did.

### SEVENTH DEFENSE

Individual analysis of Plaintiffs' claims predominates over common questions, which defeats the utility of a purported collective action or class action.

## EIGHTH DEFENSE

The purported collective action or class action cannot be properly certified in this action.

## NINTH DEFENSE

The Federal Court should decline to exercise federal supplemental jurisdiction over plaintiffs' claims based on state law where the supplemental claims precede the federal statute of limitations.

## TENTH DEFENSE

This action is not a proper collective action as Plaintiffs are atypical and not similarly situated to others.

## ELEVENTH DEFENSE

If the unlawful acts and/or omissions alleged in the Complaint were engaged in by Defendants, which Defendants deny, Defendants did not do so willfully.  Accordingly, pursuant to section 6(a) of the Portal-to-Portal Act of 1947, as amended, 29 U.S.C. § 255(a), claims prior to November 2006 are barred.

## TWELFTH DEFENSE

All claims based solely on supplemental jurisdiction and styled as a "Rule 23 opt-out class action" should be dismissed as they are in inherent conflict with the Congressional intent expressed in section 16(b) of the FLSA which specifically requires plaintiffs to "opt-in" by filing a Consent to Sue.

**THIRTEENTH DEFENSE**

At all times relevant to this action Defendants acted in good faith on reasonable grounds.  Plaintiffs did not voice questions or concerns about their wages until after they left the defendants' employment.

**FOURTEENTH DEFENSE**

Some or all of plaintiffs' claims may be subject to the *de minimis* rule, 29 C.F.R. §785.47, because they involve insignificant amounts of overtime.

**FIFTEENTH DEFENSE**

The Complaint is barred in whole or part because plaintiffs cannot demonstrate they are entitled to recover liquidated damages.  Defendants have at all times compensated plaintiffs in compliance with law in good faith and with a reasonable ground for believing their compensation was in compliance with the FLSA.

**SIXTEENTH DEFENSE**

There is no legal basis for a claim for mandatory service charges prior to February 14, 2008.  *Samiento v. World Yacht*, 10 N.Y. 3d 70 (2008) changed existing law and has no retroactive effect.

**SEVENTEENTH DEFENSE**

Defendants have acted in good faith and in conformity with and in reliance on written administrative regulations, orders, rulings, approvals, and/or interpretations of the Administrator of the Wage and Hour Division of the U.S. Department of Labor, and/or administrative practices or enforcement policies of said Administrator and, accordingly, the action is barred under the Portal-to-Portal Act, 29 U.S.C. § 259.

## EIGHTEENTH DEFENSE

Defendants properly remitted to plaintiffs all service charges.  There is factual basis for a claim for service charges as all proceeds from service charges were paid in their entirety to employees.

## NINETEENTH DEFENSE

Plaintiffs fail to state a claim upon which relief may be granted.

## TWENTIETH DEFENSE

Plaintiffs' claims are barred by the doctrine of unclean hands.

## TWENTY-FIRST DEFENSE

Plaintiffs' claims are barred by the doctrine of laches.

## TWENTY-SECOND DEFENSE

Plaintiffs' claims are barred by the doctrine of equitable estoppel.

## TWENTY-THIRD DEFENSE

Plaintiffs' claims are barred by the doctrine of promissory estoppel.

## TWENTY-FOURTH DEFENSE

The Court lacks subject matter jurisdiction over the Complaint.

## TWENTY-FIFTH DEFENSE

Plaintiffs have not suffered irreparable harm.

## TWENTY-SIXTH DEFENSE

Plaintiffs have received proper wages.

## TWENTY-SEVENTH DEFENSE

The administrative procedure set forth in New York Labor Law §§ 196, 196-a is a superior means of adjudicating this controversy.

## TWENTY-EIGHTH DEFENSE

Plaintiffs' claims are barred by applicable statutes or periods of limitation.

Defendants reserve the right to raise additional affirmative and other defenses that may subsequently become or may appear applicable to some or all of Plaintiff's claims.

WHEREFORE, Defendants deny each and every allegation of Plaintiffs' Complaint, except as expressly admitted or qualified above.  Judgment should be entered in favor of Defendants, Plaintiffs' Complaint should be dismissed with prejudice and Plaintiffs should be required to pay the costs of suit, as well as attorneys' fees incurred by Defendants in defending against Plaintiffs' claims and such other relief as the Court may deem just and proper.

New York, New York
January 16, 2009

Respectfully submitted,

EPSTEIN BECKER & GREEN, P.C.

By:
    s/ Douglas Weiner
    Douglas Weiner
250 Park Avenue
New York, New York  10177-1211
(212) 351-4500

Attorneys for Defendants

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 16, 2009, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which sent notification of such filing to counsel for Plaintiffs and by mailing via First Class Mail on:

William C. Rand, Esq.
LAW OFFICE OF WILLIAM COUDERT RAND
711 Third Avenue
Suite 1505
New York, NY 10017

*Attorneys for Plaintiffs*

s/ Douglas Weiner
Douglas Weiner