William C. Rand, Esq. (WR-7685)
LAW OFFICE OF WILLLIAM COUDERT RAND
711 Third Avenue, Suite 1505
New York, New York 10017
(212) 286-1425

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
OSCAR GARCIA, ANDREY ZAHARIEV,                   :
RINAT KHASSANOV, and KRZYSZTOF                   :    ECF CASE
GARNEK, Individually and on Behalf of            :
All Other Persons Similarly Situated,            :    Case No.: 08 Civ 9356 (LTS)
                                                 :
                        Plaintiffs,              :
                                                 :
        -against-                                :
                                                 :
LA REVISE ASSOCIATES LLC, JEAN                   :
DENOYER, REGIS MARINIER,                         :
BERNARD COLLIN and JOHN DOES #1-10,              :
                                                 :
                        Defendants.              :
-------------------------------------------------------------------x

## PLAINTIFFS' MEMORANDUM OF LAW IN
## SUPPORT OF MOTION
## FOR APPROVAL OF COLLECTIVE ACTION NOTICE

Dated: New York, New York
       April 10, 2009

                                LAW OFFICE OF WILLIAM COUDERT RAND
                                William Coudert Rand, Esq.
                                Attorney for Plaintiff, Individually,
                                and on Behalf of All Other Persons Similarly Situated
                                711 Third Avenue, Suite 1505
                                New York, New York 10017
                                Tel: (212) 286-1425
                                Co-counsel
                                Gottlieb & Associates
                                Jeffrey M. Gottlieb, Esq. (JG-7905)
                                Dana L. Gottlieb, Esq. (DG-6151)
                                150 East 18th Street, Suite PHR
                                New York, New York 10003
                                Tel: (212) 228-9795

**TABLE OF CONTENTS**

|      |      |                                                                                      | Page |
|------|------|--------------------------------------------------------------------------------------|------|
|      |      | PRELIMINARY STATEMENT……………………………………….                                                | 1    |
| I.   |      | INTRODUCTION…………………………………………..                                                       | 1    |
| II.  |      | ARGUMENT…………………………………………………..                                                        | 3    |
|      | A.   | <u>Collective Actions under the FLSA</u>……………………                                      | 3    |
|      | B.   | <u>The Factual Nexus is Established in this Case</u>…………                              | 5    |
|      | C.   | <u>The Collective Action Notice</u>………………………….                                        | 7    |
|      | D.   | <u>Defendants Should Disclose the Names and Last Known Addresses of Prospective Plaintiffs</u>…………… | 8 |
| III. |      | CONCLUSION……………………………………………...                                                       | 9    |

# TABLE OF AUTHORITIES

CASES                                                                                                           Page

Atkins v. General Motors Corp.,
      701 F.2d 1124 (5th Cir. 1983)……………………………………………    9

Bonilla v. Las Vegas Cigar Co.,
      61 F. Supp. 2d 1129 (D. Nev. 1999)………………………………………….    9

Braunstein v. Eastern Photographic Laboratories, Inc.
      600 F. 2d 335 (2d Cir. 1979)………………………………………………….    7

Chu Chung et al. v. The New Silver Palace Restaurant, Inc.,
      246 F. Supp. 2d 220, 229-230 (S.D.N.Y. 2002)……………………..    2

Does I thru XXIII v. Advanced Textile Corp.,
      214 F.3d 1058 (9th Cir. 2000)……………………………………………    9

Gjurovich v. Emmanuel's Marketplace, Inc.,
      282 F. Supp. 2d 101 (S.D.N.Y. 2003)…………………………………… 4, 7-8

Heng Chan et al. v. Sung Yue Tung Corp.,
      2007 U.S. Dist. Lexis 7770 at ¶66 (S.D.N.Y. Feb. 1, 2007)………….    2

Hoffman v. Sbarro, Inc.,
      982 F. Supp. 249 (S.D.N.Y. 1997)..………………………………....…… 4, 7-9

Hoffman-La Roche, Inc. v. Sperling,
      493 U.S. 165 (1989)……………………………………………………    7-8

Partlow v. Jewish Orphans' Home of Southern Cal., Inc.,
      645 F.2d 757 (9th Cir. 1981)………………………………………….    9

Samiento v. World Yacht Inc.,
      10 N.Y.3d 70 (2008)………………………………………………….    2

Schwed v. General Electric Co.,
      159 F.R.D. 373 (N.D.N.Y. 1995)……………………………………..    4

Trinidad v. Breakaway Courier Systems, Inc.,
      2007 WL 103073 (January 12, 2007 S.D.N.Y)………………………..    7

Yu G. Ke v. Saigon Grill, Inc.,
      2008 U.S. Dist. LEXIS 86300, (S.D.N.Y. Oct. 21 2008)……………..    2

STATUTES

Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA")……………… Passim

FLSA, 29 U.S.C. §203(m)…………………………………………………….. 2

Fed. R. Civ. P. Rule 23……………………………………………………… 4

REGULATIONS

29 C.F.R. 778.108………………………………………………………….. 2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
OSCAR GARCIA, ANDREY ZAHARIEV,            :
RINAT KHASSANOV, and KRZYSZTOF            :   ECF CASE
GARNEK, Individually and on Behalf of     :
All Other Persons Similarly Situated,     :   Case No.: 08 Civ 9356 (LTS)
                                          :
                       Plaintiffs,        :
                                          :
         -against-                        :
                                          :
LA REVISE ASSOCIATES LLC, JEAN            :
DENOYER, REGIS MARINIER,                  :
BERNARD COLLIN and JOHN DOES #1-10,       :
                                          :
                       Defendants.        :
------------------------------------------------------------x

**PRELIMINARY STATEMENT**

Plaintiffs, on behalf of themselves and all other persons similarly situated, by their attorneys, submits this memorandum of law in support of his Motion for Approval of Collective Action Notice (hereafter, the "Motion").

**I.    INTRODUCTION**

In this action, among other claims for relief, Plaintiffs seek to recover unpaid minimum wage and overtime compensation on behalf of themselves and other similarly situated employees of Defendants, pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA"). Plaintiffs now move the Court to enter an Order permitting this action to proceed as a collective action, requiring Defendants to disclose the names and last-known addresses of current and former employees who are potential plaintiffs, and to approve the form, content and distribution of Plaintiff's proposed "Notice of Lawsuit and Opportunity to Join" and "Consent to Become Party Plaintiff" (attached as Exhibit A and

B, respectively, to the Declaration of William C. Rand, Esq. filed herewith), ensuring that potential plaintiffs will be advised of the pendency of this action and their right to "opt in" to this case pursuant to FLSA § 216(b).

The plaintiffs are wait staff employed by Defendants. While employed by the Defendants, the named Plaintiffs and at least 40 other employees were not properly paid minimum wage and overtime in accordance with the provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq. and the New York Labor Law §§ 190 et seq. As a result of the failure to pay proper overtime, the employees were, and continue to be, denied appropriate compensation for the hundreds of hours of overtime they work and have worked. The plaintiffs were not paid overtime at time and one half the minimum wage nor at a rate that included their weekly tip compensation. See FLSA, 29 U.S.C. §203(m) (defining wage to include tips); 29 C.F.R. 778.108 (rate to which overtime is applied includes "all remuneration paid to, or on behalf of, the employee") . In addition, Plaintiffs were not paid their proper tips and therefore Defendants improperly applied a tip credit to Plaintiff's wages which resulted in plaintiffs being paid less than minimum wage. See Chu Chung et al. v. The New Silver Palace Restaurant, Inc., 246 F. Supp. 2d 220, 229-230 (S.D.N.Y. 2002) (tip credit disallowed where defendant failed to pay employees all tips received); Heng Chan et al. v. Sung Yue Tung Corp., 2007 U.S. Dist. Lexis 7770 at ¶66 (S.D.N.Y. Feb. 1, 2007) (holding that tip credit disallowed where tips are not properly distributed to wait staff); Yu G. Ke v. Saigon Grill, Inc., 2008 U.S. Dist. LEXIS 86300, (S.D.N.Y. Oct. 21 2008) (same); See Samiento v. World Yacht Inc., 10 N.Y.3d 70 (2008) (service or gratuity fees collected by employer are required to be paid to wait staff).

Accordingly, the plaintiffs collective action class consists of current and former employees of Defendants who worked as wait staff, or similar positions with different titles or in other similar non-managerial, non administrative positions, who were not paid overtime compensation of one and one-half times their regular rate of pay for hours worked in excess of forty (40) per week and/or minimum wages.  All such individuals should receive notice and the opportunity to opt-in to this case if they worked in excess of forty (40) hours per week but were not compensated at the rate of time and one-half or were not paid minimum wages.

## II.     ARGUMENT

### A.     Collective Actions under the FLSA

The FLSA expressly permits the maintenance of collective actions by similarly situated employees for an employer's violation of the provisions requiring payment of minimum wage and overtime compensation.  FLSA § 216(b) provides in pertinent part as follows:

> Any employer who violates the provisions of section 206 [requiring payment of minimum wage] or section 207 [requiring payment of overtime compensation for hours worked in excess of 40 per week] of this title shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages. . . . An action to recover liability . . . may be maintained against any employer . . . by any one or more employees for and in behalf of himself or themselves and other employees similarly situated.  No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.  The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action.

3

In order to maintain a collective action under FLSA § 216(b), the named plaintiff must demonstrate that other, potential plaintiffs are "similarly situated." Gjurovich v. Emmanuel's Marketplace, Inc., 282 F. Supp. 2d 101, 104 (S.D.N.Y. 2003) . This requirement is satisfied if the named plaintiff demonstrates the existence of a "factual nexus between the [named plaintiff's] situation and the situation of the other current and former [employees]." Hoffman v. Sbarro, Inc., 982 F. Supp. 249, 262 (S.D.N.Y. 1997). Specifically, the named plaintiff need only make a "modest factual showing sufficient to demonstrate the [the named plaintiff] and potential plaintiffs together were victims of a common policy or plan that violated the law." Sbarro, at 261; see also Gjurovich, 282 F. Supp. 2d at 104. The named plaintiff is not required to prove that potential plaintiffs shared identical positions or performed identical work. Schwed v. General Electric Co., 159 F.R.D. 373, 375 (N.D.N.Y. 1995). "The burden on plaintiffs is not a stringent one, and the Court need only reach a preliminary determination that potential plaintiffs are 'similarly situated.'" Sbarro, 982 F. Supp. at 261.

As demonstrated by the foregoing authority, collective actions under the FLSA are materially different from class actions under Fed. R. Civ. P. 23. Rule 23 requires the proponent of the class action to demonstrate the existence of several factual circumstances, including numerosity of the proposed class, common questions of law or fact, typicality of claims or defenses, and adequate and fair protection of the interests of the class by the representative parties. Fed. R. Civ. P. 23. These circumstances are simply not applicable to collective actions under the FLSA, which requires the named plaintiff to show only that potential plaintiffs likely exist. As discussed below, the declaration by Plaintiffs submitted herewith clearly and sufficiently makes the requisite

4

showing in this case.

### B. The Factual Nexus is Established in this Case

The declarations of the named plaintiffs, Oscar Garcia, Andrey Zahariev, Rinat Khassanov, and Krzystof Garnek, filed contemporaneously herewith, demonstrate that Defendants adopted and adhered to a policy under which their employees worked in excess of 40 hours per week without paying overtime compensation at the rate of time and one-half, in violation of FLSA § 207. *See* Declarations of Plaintiffs, Oscar Garcia, Andrey Zahariev, Rinat Khassanov, and Krzystof Garnek, filed in support of the motion.

The declarations demonstrate that the named plaintiffs worked as wait staff and that the plaintiffs were not paid minimum wage and worked more than 40 hours per week and were not properly paid time and one half for their hours worked over forty in a week. *Id.*

The Plaintiffs worked for Defendants during the class period and signed in and out of their job using a hand scanner. *Id.* The Plaintiffs were paid at an hourly rate lower than the minimum wage and were not paid their full time and one half wages for work performed over forty hours in a work week. *Id.*

The tips received from the customers were divided among the captains (managers), bar tenders, waiters, runners, and bus boys using a point system in which the points were allotted as follows:

| | |
|---|---|
| Captains | 6 points |
| Bar Tenders | 5 points |
| Waiters | 5 points |
| Runners | 4 points |
| Bus Boys | 3 points |

*Id.* Generally the following employees worked during each shift: 3 Captains (managers), 1-2 Bar Tenders, 7 waiters, 4 runners, and 9 Bus Boys. *Id.* For a standard shift, the tips received would be distributed as follows:

| Number of Employees Allocated | Type | Points | | Total Points | % Tip |
|---|---|---|---|---|---|
| 3 | Captains | 6 points | 18 | 18/106*100= | 16.98% |
| 2 | Bar Tenders | 5 points | 10 | 10/106*100= | 9.43% |
| 7 | Waiters | 5 points | 35 | 35/106*100= | 33.02% |
| 4 | Runners | 4 points | 16 | 16/106*100= | 15.09% |
| 9 | Bus Boys | 3 points | 27 | 27/106*100= | 25.48% |
| | | | 106 | | 100% |

The tips were improperly distributed to Captains and Bar Tenders and Private Party Managers. *Id.* (private Party Managers referenced in Paragraphs 15-16 of Ganek Declaration*).* The tips distributed to the Captains and Bar Tenders and Private Party Managers should have been distributed to the wait staff which included only the Waiters, Runners, and Bus Boys. *Id.* Defendant improperly distributed tips and therefore was not entitled to apply the tip credit to Plaintiffs' wages or to the wages of the other wait staff employees. *Id.* The Bar Tenders did not directly serve the tables, but rather made the drinks from behind the bar. *Id.* The Captains acted as managers and did not perform any waiter or bus boy or runner services. *Id.*

Plaintiffs' duties as wait staff employees did not include managerial responsibilities or the exercise of independent business judgment. *Id.* Plaintiffs did not have the power to hire or fire employees. Defendants generally hired about 30 of such similar wait staff employees while Plaintiffs' worked at Defendants' restaurant. *Id.* The other wait staff employees were similarly not paid minimum wage or time and one half

for their overtime hours. *Id.*

Accordingly, Plaintiffs have demonstrated that numerous other similar employees were not paid minimum wage and overtime at the rate of time and one half as part of a common, illegal policy of the Defendants.

### C.     The Collective Action Notice

FLSA § 216(b) has no specific provision for issuing notice to prospective plaintiffs in collective actions. However, it is well established that district courts have the power to send such a notice to potential plaintiffs. E.g., Braunstein v. Eastern Photographic Laboratories, Inc. 600 F. 2d 335, 335-36 (2d Cir. 1979); Sbarro, 982 F. Supp. at 261(citing Hoffman-La Roche, Inc. v. Sperling, 493 U.S. 165 (1989); Gjurovich, 282 F. Supp. 2d at 104; Trinidad v. Breakaway Courier Systems, Inc., 2007 WL 103073 (January 12, 2007 S.D.N.Y) (Judge Sweet). It is important to note that, in issuing a notice to potential plaintiffs, the Court does not adjudicate the merits of the claims of either the named or potential plaintiffs, or determine that the potential plaintiffs are in fact similarly situated with the named plaintiff. As Magistrate Judge Lisa Margaret Smith of the Southern District in Westchester County noted:

> Here, I determine only that notice may be sent to those people who, at this very preliminary stage in the litigation, might be potential plaintiffs. I am not determining that those being notified "are, in fact, similarly situated" to the Plaintiff, and I make no determination regarding the legal rights and responsibilities of the parties. . . . Again, the Plaintiff's burden for proving that he is similarly situated to these potential plaintiffs is minimal for this preliminary determination-a determination that can be modified or reversed after discovery is complete.

Gjurovich, 282 F.2d at 105 (citations omitted)

Plaintiffs separately submit herewith a proposed Notice of Lawsuit and Opportunity to Join. This notice comports to the specific requirements exhaustively enumerated by Judge Smith in Gjurovich. Supra, at 106-109.

### D. Defendants Should Disclose the Names and Last Known Addresses of Prospective Plaintiffs

Only Defendants know the names and addresses of potential plaintiffs in this case. The Supreme Court has confirmed this Court's inherent authority to require Defendants to disclose that information so that Plaintiff's counsel can circulate the Notice of Lawsuit and Opportunity to Join. Hoffman-La Roche, Inc. v. Sperling, 110 S. Ct. 482, 486 (1989). In addition, Defendants should be ordered to provide this information in both paper and digital format to expedite the distribution of the notices, and the proposed Order submitted herewith so provides.

Plaintiffs' motion for permission to authorize notice to potential class members is critical because the statute of limitations for claims brought under the Fair Labor Standards Act may not be tolled for a particular plaintiff until he or she files with this Court a "Consent to Join" form. Bonilla v. Las Vegas Cigar Co., 61 F. Supp. 2d 1129, 1133 (D. Nev. 1999); Partlow v. Jewish Orphans' Home of Southern Cal., Inc., 645 F.2d 757, 760 (9th Cir. 1981) ("It is true that the FLSA statute of limitations continues to run until a valid consent is filed."); Atkins v. General Motors Corp., 701 F.2d 1124, 1130 n. 5 (5th Cir. 1983); Does I thru XXIII v. Advanced Textile Corp., 214 F.3d 1058, (9th Cir. 2000); Sbarro, 982 F. Supp. at 262; 29 U.S.C. § 216(b). The implication of the continued running of the statute of limitations is obvious: each day that passes before notice is given causes prejudice to the absent plaintiffs. The statute of limitations demonstrates not only

the need for the distribution of notice to purported class members, but the expediency in which the distribution must occur.

Plaintiffs are not requesting unusual or extraordinary relief, but are requesting relief clearly within the discretion of this Court.  Hoffmann-La Roche Inc. v. Sperling, 493 U.S. 165, 171 (1989).  The United States Supreme Court recognized the need for notice in actions like this and also approved Court intervention and authorization of notice, stating:

> Because trial court involvement in the notice process is inevitable in cases with numerous plaintiffs where written consent is required by statute, it lies within the discretion of a district court to begin its involvement early, at the point of the initial notice, rather than at some later time. . . .  The court is not limited to waiting passively for objections about the manner in which the consents were obtained. By monitoring preparation and distribution of the notice, a court can ensure that it is timely, accurate, and informative.

Hoffmann-La Roche, 493 U.S. at 171-172 (1989); Sbarro, 982 F. Supp. at 262 ("courts have endorsed the sending of notice early in the proceeding, as a means of facilitating the FLSA's broad remedial purpose and promoting efficient case management."); Cook v. United States, 109 F.R.D. 81, 83 (E.D.N.Y. 1985) ("certainly, it is unlikely that Congress, having created a procedure for representative action, would have wanted to prevent the class representative from notifying other members of the class that they had a champion.")

**III.     CONCLUSION**

Plaintiffs have shown by their declarations that they are similarly situated with other former and current employees of Defendants.  Accordingly, Defendants should be required to provide the names and addresses of (a) all wait staff employees and employees with different titles who have similar duties and other non-managerial, non administrative workers they employed within three years preceding the date of this motion, so that notice of this action may be communicated to them.  For the foregoing reasons, Plaintiff respectfully requests that Plaintiffs' Motion be granted.

Dated: New York, New York
       April 10, 2009

                LAW OFFICE OF WILLIAM COUDERT RAND

                S/William C. Rand

                _____
                William Coudert Rand, Esq. (WR-7685)
                Attorney for Plaintiff, Individually,
                and on Behalf of All Other Persons Similarly Situated
                711 Third Avenue, Suite 1505
                New York, New York 10017
                Tel: (212) 286-1425

                Co-counsel
                Gottlieb & Associates
                Jeffrey M. Gottlieb, Esq. (JG-7905)
                Dana L. Gottlieb, Esq. (DG-6151)
                150 East 18th Street, Suite PHR
                New York, New York 10003
                Tel: (212) 228-9795