William C. Rand, Esq. (WR-7685)
LAW OFFICE OF WILLLIAM COUDERT RAND
711 Third Avenue, Suite 1505
New York, New York 10017
(212) 286-1425

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
OSCAR GARCIA, ANDREY ZAHARIEV,                 :
RINAT KHASSANOV, and KRZYSZTOF                 :            ECF CASE
GARNEK, Individually and on Behalf of          :
All Other Persons Similarly Situated,          :            Case No.: 08 Civ 9356 (LTS)
                                               :
                              Plaintiffs,      :
                                               :
              -against-                        :
                                               :
LA REVISE ASSOCIATES LLC, JEAN                 :
DENOYER, REGIS MARINIER,                       :
BERNARD COLLIN and JOHN DOES #1-10,            :
                                               :
                              Defendants.      :
-----------------------------------------------------------------x

**PLAINTIFFS' REPLY MEMORANDUM OF LAW IN
SUPPORT OF MOTION
FOR APPROVAL OF COLLECTIVE ACTION NOTICE**

Dated: New York, New York
       May 11, 2009

                          LAW OFFICE OF WILLIAM COUDERT RAND
                          William Coudert Rand, Esq.
                          Attorney for Plaintiff, Individually,
                          and on Behalf of All Other Persons Similarly Situated
                          711 Third Avenue, Suite 1505
                          New York, New York 10017
                          Tel: (212) 286-1425
                          Co-counsel
                          Gottlieb & Associates
                          Jeffrey M. Gottlieb, Esq. (JG-7905)
                          Dana L. Gottlieb, Esq. (DG-6151)
                          150 East 18th Street, Suite PHR
                          New York, New York 10003
                          Tel: (212) 228-9795

**TABLE OF CONTENTS**

Page

PRELIMINARY STATEMENT………………………………………………………….1

I.  PLAINTIFFS HAVE SHOWN THAT THEY ARE VICTIMS OF A
    COMMON SCHEME THAT VIOLATED THE FAIR LABOR
    STANDARDS ACT…………………………………………………………2

    A.  Defendants Illegally Paid Tips from the Tip Pool to Non Tipped
        Employees Which Included Non Service Bartenders, Who Did Not
        Serve Customers Directly, and Managers…………………………………3

    B.  The Tip Pool Improperly Paid Out Monies To Employees Who Did
        Not Contribute to The Tip Pool……………………………………....…5

    C.  Defendants Illegally Paid Tips from the Tip Pool To Management
        Employees…………………………………………………………………6

    D.  As a Result of the Illegal Tip Sharing, Defendants Lost their Right to
        Apply a Tip Credit Against the Federal Minimum Wage…………………7

II.  PLAINTIFFS HAVE IDENTIFIED OTHER SIMILARLY SITUATED
     VICTIMS OF THE SCHEME……..…………………………………………7

III.  NOTICE IS WARRANTED FOR A THREE YEAR PERIOD BECAUSE
      DEFENDANTS' VIOLATIONS WERE WILLFUL…………..………………..8

IV.  PLAINTIFFS' PROPOSED NOTICE DOES NOT INCLUDE FEDERAL
     CLAIMS BASED ON STATE LAW…………………………………………..8

V.  THE PROPOSED NOTICE INFORMS THE PUTATIVE COLLECTIVE
    ACTION PLAINTIFFS OF THEIR RIGHTS……………………………………8

VI.  THE NOTICE SHOULD PROVIDE NOTICE THAT THE LAW PROTECTS
     COLLECTIVE ACTION PLAINTIFFS FROM RETALIATION BY
     DEFENDANTS…………………………………………………………………...9

VII.  THE STANDARD OF PROOF AT THE FIRST STAGE OF THE
      CERTIFICATION OF A COLLECTIVE ACTION IS MINIMAL………………9

CONCLUSION…………………………………………….......................................10

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
OSCAR GARCIA, ANDREY ZAHARIEV,          :
RINAT KHASSANOV, and KRZYSZTOF          :          ECF CASE
GARNEK, Individually and on Behalf of   :
All Other Persons Similarly Situated,   :          Case No.: 08 Civ 9356 (LTS)
                                        :
                          Plaintiffs,   :
                                        :
                -against-               :
                                        :
LA REVISE ASSOCIATES LLC, JEAN          :
DENOYER, REGIS MARINIER,                :
BERNARD COLLIN and JOHN DOES #1-10,     :
                                        :
                          Defendants.   :
-------------------------------------------------------------x

## PLAINTIFFS' REPLY MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR APPROVAL OF COLLECTIVE ACTION NOTICE

### PRELIMINARY STATEMENT

Plaintiffs, on behalf of themselves and all other persons similarly situated, by their attorneys, submit this reply memorandum of law in support of their Motion for Approval of Collective Action Notice (hereafter, the "Motion").

### Defendants' Tip Pooling

Defendants pay their wait staff employees less than minimum wage, taking a purported "tip credit" against the minimum wage under the FLSA.[1]  Defendants require their wait staff to contribute their tips into a tip pool, from which management employees

---

[1] Under the FLSA, the employer is required to pay each employee a cash wage of $4.25 an hour (the federal minimum wage as of August 20, 2006) and may take a tip credit for amount of tips  equal to the difference between the current minimum wage and $4.25) *See Chung v. The New Silver Palace Restaurant, Inc.,* 246 F. Supp. 2d 220, 227 (S.D.N.Y. 2002) (explaining calculation); *See Ayres v. 127 Restaurant Corp.,* 12 F. Supp. 2d 305 at n. 3 (S.D.N.Y. 1998) (If a tip pool is legal, "the FLSA permits employers to take a tip credit up to 50% of the minimum wage.").

and non-service bar tenders are paid out tips despite the fact that the management employees and non-service bar tenders do not pay any tips into the tip pool.

The FLSA provides that an employer is eligible for a "tip credit" against the minimum wage if the employer allows its employees to keep all tips that they receive, or the FLSA provides that the employer may forego the tip credit and pay their employees the full hourly minimum wage.  29 U.S.C. §§ 201 et seq.

Here, Defendants operated a mandatory tip pool which shared tips with non-tipped employees who did not contribute any tips to the tip pool.  Accordingly, because Defendants operated an illegal tip pooling scheme at its restaurant, it was not entitled to reduce the minimum wages of Plaintiffs and its other wait staff employees by applying the tip credit allowance that is available under the FLSA.  *Chung v. The New Silver Palace Restaurant, Inc.,* 246 F. Supp. 2d 220, 230 (S.D.N.Y. 2002) ("Congress gave employers of tipped employees a simple choice: either allow employees to keep all the tips that they receive, or forego the tip credit and pay them the full hourly minimum wage.")

Accordingly, Defendants improper application of the tip credit deprived Plaintiffs and the other wait staff employees of their statutory minimum wage under the FLSA.  *See* Named Plaintiffs' Declarations and Reply Declarations.

I.     **PLAINTIFFS HAVE SHOWN THAT THEY ARE VICTIMS OF A COMMON SCHEME THAT VIOLATED THE FAIR LABOR STANDARDS ACT**

Plaintiffs have shown through their declarations that Defendants improperly shared their tips with the managerial employees and non-service bartenders who did not

2

serve customers directly and did not regularly receive tips, and who did not contribute any tips to the tip pool.  Plaintiffs have also shown that the tips paid at private parties were improperly shared with the private party manager, who did not regularly receive tips and who did not pay tips into the tip pool.  *See* Declarations of the Named Plaintiffs and Reply Declarations of Zahariev and Khassanov.

> ### A.   Defendants Illegally Paid Tips from the Tip Pool to Non Tipped Employees Which Included Non Service Bartenders, Who Did Not Serve Customers Directly, and Managers

Defendants illegally paid tips from the tip pool to non service bartenders, who served only wait staff and did not serve customers directly and thus did not receive tips. Defendants also illegally paid tips from the tip pool to Captains and the Banquet Coordinators who were management employees who did not regularly receive tips and did not contribute any tips to the tip pool.  *See* Declarations of the Named Plaintiffs and Reply Declarations of Zahariev and Khassanov.

Tip pools are only permitted among "tipped employees" who are defined as employees "engaged in an occupation in which he [or she] customarily and regularly receives more than $30 a month in tips." 29 U.S.C. § 203(m) and (t).  If a tip pool includes employees who are not "tipped employees" then the employer loses the right to take the tip credit."  *See Elkins v. Showcase*, 704 P.2d 977, 988 (Kan. 1985) (interpreting the FLSA and finding non-service bartenders were improperly included in tip pool because they were physically separated from patrons and did not have any direct customer contact and made no contributions to the tip pool); *Myers v. The Copper Cellar Corp.*, 192 F.3d 546 (6th Cir. 1999) (employer's tip pool was improper because it

included salad makers who did not have any direct interaction with the diners); *Chan v. Sung Yue Tung Corp.*, 2007 U.S. Dist. Lexis 7770 (S.D.N.Y. Feb. 1, 2007) (employer operated illegal tip pool because it shared the pool with part time workers who were not regularly tipped employees and with management); *Bernal v. Vankar Enterprises, Inc.*, 2008 U.S. Dist. Lexis 22814 at *3 (W.D. Tex. 2008) (granting initial certification where plaintiffs alleged that tip pool illegally included non-tipped employees including managers and cleaning crew); *Hai Ming Lu v. Jing Fong Restaurant, Inc.*, 503 F. Supp. 2d 706, 711 (S.D.N.Y. 2007) ("an issue of fact remains to be tried regarding whether the pantry workers and dim sum servers, while "not the primary customer contact . . . have more than de minimis interaction with the customers" and are otherwise entitled to share in the tip pool, or, in the alternative, whether they are "like dishwashers, cooks, or off-hour employees like an overnight janitor [who] do not directly relate with customers at all" and who may not share in the pool.")

Neither the language of FLSA nor the relevant regulations provide much clear guidance regarding which employees or occupations may participate in mandatory tip pools or tip sharing arrangements.  Section 203(m) states only that "this subsection shall not be construed to prohibit the pooling of tips among employees who customarily and regularly receive tips." 29 U.S.C. § 203(m).  Legislative history and the Department of Labor Field Operation Handbook provide some additional guidance, setting forth examples of the kinds of employees that may be included in a mandatory tip pool.  In a report on the 1974 amendments to Section 203(m), the Senate Committee on Labor and Public Welfare explained:

Nor is the requirement that the tipped employee retain such employee's

4

> own tips intended to discourage the practice of pooling, splitting, or
> sharing tips with employees who customarily and regularly receive tips--
> e.g., waiters, bellhops, waitresses, countermen, busboys, service
> bartenders, etc. On the other hand, the employer will lose the benefit of
> this exception if tipped employees are required to share their tips with
> employees who do not customarily and regularly receive tips--e.g.,
> janitors, dishwashers, chefs, laundry room attendants, etc.

S. REP. 93-690, at 43(Feb. 22, 1974). The Department of Labor Field Operations

Handbook echoes the Senate Report, stating that the following occupations have been

recognized as eligible for participation in a tip splitting or pooling arrangement: "1)

waiters/waitresses; 2) bellhops; 3) counter personnel who serve customers; 4)

busboys/girls (server helpers); 5) service bartenders." DEPT. LABOR FIELD

OPERATIONS HANDBOOK § 30d04(a). The Field Operations Handbook likewise adds

that tipped employees may not be required to share tips "with employees who have not

customarily and regularly participated in tip pooling arrangements," noting that the

following "employee occupations" would not be eligible to participate: "1) Janitors; 2)

Dishwashers; 3) Chefs or cooks; 4) Laundry room attendants." 40 Id. § 30d04(c).

Thus, it is clear that non-service bartenders (as opposed to service bartenders who

directly serve customers) are not permitted to be included in tip pools and that managers

also are not permitted to be included.

**B.**    **The Tip Pool Improperly Paid Out Monies To Employees Who Did
Not Contribute to The Tip Pool**

Here, Plaintiffs were required to pay money into a tip pool that paid out monies to

employees who did not contribute to the tip pool.  Reply Declarations of Zahariev and

Khassanov.  Such a pool is illegal under the FLSA as it causes the employees who

contribute to lose their tips in violation of 29 USC §203, which requires that "all tips

received by such employee have been retained by the employee."

Defendants' tip pool was not a pooling of tips, as the captains and the bartenders never paid any tips they may have received into the tip pool.  Accordingly, it was not a tip pool recognized by the FLSA, and did not permit Defendants to apply a tip credit to Plaintiffs' wages.

### C.    Defendants Illegally Paid Tips from the Tip Pool To Management Employees

Defendants illegally paid tips from the tip pool to Captains who were managers and did not perform wait staff services, did not regularly receive tips and did not contribute tips to the pool.  *See* Declarations of the named Plaintiffs, Oscar Garcia, Andrey Zahariev, Rinat Khassanov, and Krzystof Garnek ("Named Plaintiffs") and the Reply Declarations of Zahariev and Khassanov.  Specifically, Defendants illegally paid tips out of the tip pool to Captains and Banquet Coordinators whose roles were managerial.  Neither the Captains nor the Banquet Coordinators ever contributed any tips to the tip pool.  *See* Reply Declarations of Zahariev and Khassanov.

Employers are not permitted to receive any portion of tipped employees' collected gratuities.  See 29 C.F.R. § 531.35.  Under the FLSA, an employer "includes any person acting directly or indirectly in the interest of the employer in relation to an employee." 29 U.S.C. § 203(d).  Thus, if an employer or its agents partake in a tip pool arrangement, the tip pool is illegal.  *See Chung v. New Silver Palace Restaurant, Inc.*, 246 F. Supp. 2d 220 (S.D.N.Y. 2002) (tip pool was tainted by participation of "black jackets" who managed wait staff); *Chan v. Sung Yue Tung Corp.*, 2007 U.S. Dist. Lexis 7770 at *33 (S.D.N.Y. Feb. 1 2007) (finding that managers of waiters improperly participated in tip pool by

6

analyzing facts "with an eye to the 'economic reality' presented by the facts").

Here, the Captains and the Banquet Coordinators were in fact managers of the wait staff who performed no direct wait staff duties and did not customarily receive tips. Accordingly, their sharing in the tip pool constitutes a direct violation of the FLSA.

> **D.    As a Result of the Illegal Tip Sharing, Defendants Lost their Right to Apply a Tip Credit Against the Federal Minimum Wage**

If a restaurant improperly shares tips with managerial employees or non-service employees such as service bartenders, it loses its right under federal law to apply a tip credit against the wait staff employees' hourly minimum wage and is liable under the FLSA.  *See Chung v. New Silver Palace Restaurant, Inc.*, 246 F. Supp. 2d 220 (S.D.N.Y. 2002); *supra*.

Here, Defendants improperly operated an illegal tip pool which shared tips with managerial employees and non-service bartenders who did not customarily receive tips and did not contribute to the tip pool.  Accordingly Defendants are liable under the FLSA for failing to pay minimum wages.  In addition, Defendants in this case also failed to pay time and one half the federal statutory minimum wage and thus are also liable under the FLSA for failing to pay overtime at time and one half the wait staff's minimum wage rate.  Accordingly, a clear violation of the FLSA has been shown.

## II.    PLAINTIFFS HAVE IDENTIFIED OTHER SIMILARLY SITUATED VICTIMS OF THE SCHEME

The four named Plaintiffs have submitted declarations which indicate that numerous other wait staff employees were similarly situated and were similarly required to share their tips with management employees and non-tipped employees and were

similarly paid less than minimum wage.  *See* Named Plaintiff Declarations.

## III.   NOTICE IS WARRANTED FOR A THREE YEAR PERIOD BECAUSE DEFENDANTS' VIOLATIONS WERE WILLFUL

Notice is warranted for a three year period because the FLSA violations were willful.  *See Dumitrescu v. Mr. Chow Enterprises*, 2008 U.S. Dist. Lexis 49881 at *18-19 (S.D.N.Y. June 30, 2008) (approving three year notice in illegal tip pooling case; "where willfulness is disputed, the court applies the three year statute of limitations for purposes of certifying a representative action") (citing *La Bell Farm Inc.*, 239 F.R.D. at 369).

## IV.   PLAINTIFFS' PROPOSED NOTICE DOES NOT INCLUDE FEDERAL CLAIMS BASED ON STATE LAW

Plaintiffs' proposed notice does not include federal claims based on state law but rather is to be sent to wait staff employees that were victims of the common, illegal scheme which misappropriated the tips of the wait staff employees and simultaneously illegally applied a tip credit to pay these wait staff employees less than the federal minimum wage.

## V.   THE PROPOSED NOTICE INFORMS THE PUTATIVE COLLECTIVE ACTION PLAINTIFFS OF THEIR RIGHTS

Defendants seek to add to the notice a statement of Defendants' affirmative defenses.  This is unnecessary as the notice already states that Defendants' deny the allegations.

Defendants also seek to add that prospective opt-in plaintiffs will be subject to discovery and deposition and potentially costs.  A reference to discovery and costs would be prejudicial and misleading as it would likely cause many potential plaintiffs to decline to join the suit fearing that they might be found individually liable for a large amount of

costs.  If discovery is referenced it should reference reasonable discovery at the convenience of the Plaintiff.  If costs are referenced, it should be noted that costs do not generally include attorneys' fees and are not generally more than a few thousand dollars which would be divided among all the plaintiffs.

## VI.   THE NOTICE SHOULD PROVIDE NOTICE THAT THE LAW PROTECTS COLLECTIVE ACTION PLAINTIFFS FROM RETALIATION BY DEFENDANTS

The Notice should provide notice that the law protects the opt-in plaintiffs from retaliation by their employer.  This is a statutory right designed to permit collective action members to participate without fear of retribution.  Accordingly, it is important that this statutory right be made known to potential opt-in plaintiffs.

## VII.  THE STANDARD OF PROOF AT THE FIRST STAGE OF THE CERTIFICATION OF A COLLECTIVE ACTION IS MINIMAL

At the first stage of the two stage approach to authorizing a FLSA collective action, the burden for demonstrating that potential plaintiffs are similarly situated is minimal.  *See Dumitrescu v. Mr. Chow Enterprises*, 2008 U.S. Dist. Lexis 49881 (S.D.N.Y. June 30, 2008) (approving certification of collective action; citing cases for minimal first stage burden of proof); *Iglesias-Mendoza v. La Belle Farm, Inc*., 239 F.R.D. 363, 368 (S.D.N.Y. 2007) (finding plaintiffs' burden met where they relied on their own pleading and declarations to show they were subject to certain practices at defendant's workplace and, to the best of their knowledge, their experience was shared by members of the proposed class).  Here, Plaintiffs by their numerous declarations have met their burden.  Defendants have submitted only one declaration from the owner of the restaurant

9

and have not submitted a declaration from any Captain, Bartender, or Banquet Coordinator.

**CONCLUSION**

Plaintiffs have shown by their declarations that they are similarly situated with other former and current employees of Defendants.  Accordingly, Defendants should be required to provide the names and addresses of (a) all wait staff employees and employees with different titles who have similar duties and other non-managerial, non administrative workers they employed within three years preceding the date of this motion, so that notice of this action may be communicated to them.  For the foregoing reasons, Plaintiff respectfully requests that Plaintiffs' Motion be granted.

Dated: New York, New York
       May 11, 2009

                    LAW OFFICE OF WILLIAM COUDERT RAND

                    S/William C. Rand
                    _____
                    William Coudert Rand, Esq. (WR-7685)
                    Attorney for Plaintiff, Individually,
                    and on Behalf of All Other Persons Similarly Situated
                    711 Third Avenue, Suite 1505
                    New York, New York 10017
                    Tel: (212) 286-1425

                    Co-counsel
                    Gottlieb & Associates
                    Jeffrey M. Gottlieb, Esq. (JG-7905)
                    Dana L. Gottlieb, Esq. (DG-6151)
                    150 East 18th Street, Suite PHR
                    New York, New York 10003
                    Tel: (212) 228-9795

10