UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------- x

OSCAR GARCIA, ANDREY ZAHARIEV,
RINAT KHASSANOV, and KRZYSZTOF
GARNEK, Individually and on Behalf of
All Other Persons Similarly Situated,

        Docket No.: 08 Civ 9356 (LTS)

                Plaintiffs,

**RULE 56.1 STATEMENT IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

     - against -

LA REVISE ASSOCIATES LLC, JEAN
DENOYER, REGIS MARINIER, BERNARD
COLLIN And JOHN DOES #1-10,

                Defendants.

------------------------------------- x

        Defendants La Revise Associates LLC ("La Revise"), Jean Denoyer ("Denoyer"), Regis Marinier ("Marinier"), and Bernard Collin ("Collin") (collectively "Defendants"), by and through their attorneys, Epstein Becker & Green, P.C., pursuant to Local Civil Rule 56.1 of the United States District Court, Southern District of New York, hereby submit the following statement of material facts as to which there is no genuine issue to be tried.

**I.    La Revise Associates LLC**

        1.    Brasserie Ruhlmann (the "Restaurant") is operated by Defendant La Revise, a limited partnership. Declaration of Douglas Weiner dated August 13, 2010 ("Weiner Decl."), Ex. A: Tr. 15 (Collin)[1]; Collin Affidavit ¶ 1.

---

[1] References to deposition transcript cites are indicated as "Tr. [page number(s)] [(deponent name)]." References to Bernard Collin's Affidavit are indicated as "Collin Affidavit ¶ ___."

2.  Defendant Bernard Collin has been the General Manager of the Restaurant since its opening for business in February 2006. Mr. Collin exercises sole executive authority for all employment decisions of the Restaurant, and typically spends over 50 hours per week at the Restaurant directing business operations and overseeing employees. Weiner Decl., Ex. A: Tr. 13, 33 (Collin); Collin Affidavit ¶ 1.

3.  Defendant Collin hired Plaintiffs, determined their wage rates, hours of employment and all terms and conditions of Plaintiffs' employment by the Restaurant. Collin has the sole authority to hire and fire the Restaurant's employees, promote, demote, set wage rates, and set schedules. Mr. Collin determined that the Restaurant's customers would not be served by a single employee, but by a team of hourly employees. The Restaurant's service team is made up of "captains", "servers", "bartenders", "runners", "bussers", and for private banquet events, a "banquet coordinator". The team works together serving customers in the dining room, bar, outside terrace, and banquet rooms of the Restaurant. The team's primary duty is to work together to provide a high degree of service to the Restaurant's patrons. Weiner Decl., Ex. A: Tr. 13, 33; Collin Affidavit ¶¶ 3, 5-7.

4.  Defendant Jean Denoyer does not hire or fire employees and exercises no operational control of the employment practices of the Restaurant. Weiner Decl. Ex. A: Tr. 17 (Collin); Collin Affidavit ¶ 2.

5.  Defendant Regis Marinier does not hire or fire employees and exercises no operational control of the Restaurant's employment practices. Collin Affidavit ¶ 2.

6.  Plaintiffs used a hand scanner to clock in and out of work at the Restaurant. The payroll records accurately report the Plaintiffs' hours worked and wages paid. Captains, bartenders and banquet coordinators like servers, runners and bussers, are non-exempt hourly employees, paid overtime in accord with applicable labor laws governing overtime pay.

Weiner Decl. Exs. J: (D00006; Policy No. F&B001 Time Clock Responsibilities, effective 1/1/05, executed by Garcia on 10/17/07); N: (00037; Handbook, p. 5); Collin Affidavit ¶ 4, 8.

## II. Plaintiffs' Work History With the Restaurant

### A. Rinat Khassanov, 6/07

7. Collin hired Khassanov to work as a server. Weiner Decl. Exs. B: Tr. 22, 136-137 (Khassanov); T: (D 00283; Khassanov Job Application Request Form); Collin Affidavit ¶ 3.

8. Khassanov worked at the Restaurant only two weeks in June 2007. Weiner Decl. Exs. B: Tr. 11, 186-187 (Khassanov); M: (D 00026-00027; Khassanov Payroll Records).

9. Khassanov shared tips with captains, servers, runners, bussers, bartenders and when he worked at a private banquet event, the service charge was also shared by the banquet coordinator. Weiner Decl. Ex. P: (D 00064; Policy No. F&B108 Gratuity Pooling, effective 1/1/03, executed by Garcia on 10/17/07); Collin Affidavit ¶¶ 5, 17, 21.

10. Khassanov never received a tip directly from a patron. All of Khassanov's tip-money was paid to him by the Restaurant. Weiner Decl. Ex. B: Tr. 56 (Khassanov); Collin Affidavit ¶¶ 19, 29.

11. The Restaurant paid Khassanov as much as $22 per hour and $950 per week in tips and hourly wages. Weiner Decl. Ex. M: (D 00026-00027; Khassanov Payroll Records).

### B. Oscar Garcia, 12/06 – 9/08

12. Collin hired Garcia as a "busser" then promoted him to "runner." Weiner Decl. Exs. C: Tr. 36 (Garcia); O: (D 00048-00049; Garcia Job Application Forms); Collin Affidavit ¶ 3.

3

13. Garcia worked at the Restaurant as a "busser" then a "runner" from December 2006 until September 2008. Weiner Decl. Exs. C: Tr. 188 (Garcia); K: (D 00008-00015; Garcia Payroll Records).

14. Garcia shared tips with captains, servers, runners, bussers, bartenders and when he worked at a private banquet event, the service charge was also shared by the banquet coordinator. Weiner Decl. Ex. P: (D 00064; Policy No. F&B108 Gratuity Pooling, effective 1/1/03, executed by Garcia on 10/17/07); Collin Affidavit ¶¶ 17-18, 21.

15. Garcia, as a runner and busser, had very little customer interaction, and never had a tip given to him directly by a patron. All of Garcia's tip-money was paid to him by the Restaurant. Weiner Decl. Ex. C: Tr. 96-97 (Garcia); Collin Affidavit ¶¶ 19, 29.

16. The Restaurant paid Garcia as much as $33 per hour and $1270 per week in tips and hourly wages. Weiner Decl. Ex. K: (D 00008-00015; Garcia Payroll Records).

C. *Krzysztof Garnek, 9/07-2/08*

17. Collin hired Garnek as a server. Weiner Decl. Ex. R: (D 00239; Garnek Job Application Request Form); Collin Affidavit ¶ 3.

18. Garnek worked five months from August 2007 to January 2008. Weiner Decl. Exs. D: Tr. 9-10 (Garnek); Q: (D 00067-00071; Garnek Payroll Records).

19. Garnek shared tips with captains, servers, runners, bussers, bartenders and when he worked at a private banquet event, the service charge was also shared by the banquet coordinator. Weiner Decl. Ex. P: (D 00064; Policy No. F&B108 Gratuity Pooling, effective 1/1/03, executed by Garcia on 10/17/07); Collin Affidavit ¶¶ 17, 21, 31.

20. Garnek never received a tip directly from a patron. All of Garnek's tip-money was paid to him by the Restaurant. Weiner Decl. Ex. D: Tr. 30-31 (Garnek); Collin Affidavit ¶¶ 19, 29.

4

21.     The Restaurant paid Garnek as much as $37 per hour and $1370 per week in tips and hourly wages. Weiner Decl. Ex. Q: (D 00067-00071; Garnek Payroll Records).

**D.     *Andrey Zahariev, 11/06-11/07***

22.     Collin hired Zahariev as a server. Weiner Decl. Ex. S: (D 00261; Zahariev Job Application Request Form); Collin Affidavit ¶ 3.

23.     Zahariev worked from November 2006 to November 2007. All of Zahariev's tip-money was paid to him by the Restaurant. Weiner Decl. Ex. E: Tr. 13-14 (Zahariev); Collin Affidavit ¶ 29.

24.     Zahariev shared tips with captains, servers, runners, bussers, and bartenders, and when he worked a private banquet event, the service charge was shared by the banquet coordinator. Weiner Decl. Ex. P: (D 00064; Policy No. F&B108 Gratuity Pooling, effective 1/1/03, executed by Garcia on 10/17/07); Collin Affidavit ¶¶ 17, 21, 31.

25.     Zahariev never received a tip directly from a patron. Weiner Decl. Ex. E: Tr. 60 (Zahariev); Collin Affidavit ¶ 29.

26.     The Restaurant paid Zahariev as much as $25 per hour and $1540 per week in tips and hourly wages. Weiner Decl. Ex. L: (D 00019-00024; Zahariev Payroll Records).

**III.    Dining**

27.     A hostess generally escorts patrons to their table. Weiner Decl. Ex. A: Tr. 117-118 (Collin).

28.     Once at the table, the patrons are greeted by either a captain or a server. Weiner Decl. Exs. A: Tr. 117-118 (Collin); D: Tr. 28 (Garnek); E: Tr. 109-110 (Zahariev); B: Tr. 64 (Khassanov).

5

29. A captain or server provides details to patrons about the specials of the day and other dishes. Weiner Decl. Exs. A: Tr. 118-119 (Collin); F: Tr. 82 (Clairay); Collin Affidavit ¶ 9.

30. Captains give cuisine recommendations to guests, answer questions, resolve complaints, and assist guests in selecting complimentary wine and cuisine. Weiner Decl. Exs. E: Tr. 33 (Zahariev); A: Tr. 79-80 (Collin); I: (D00001-00005; Job Description – Captain, revised 9/15/05).

31. Collin determines staffing and scheduling for each shift and assigns the service team to designated sections of the Restaurant. Weiner Decl. Exs. B: Tr. 11 (Khassanov); A: Tr. 119 (Collin); F: Tr. 49, 52 (Clairay); Collin Affidavit ¶ 1.

## IV. The Service Team's Duties

### A. Bartenders

32. Bartenders are paid an hourly rate, plus tip money from the point system each week. Weiner Decl. Exs. A: Tr. 42-44 (Collin); N: (D00037; Handbook, p. 5); Collin Affidavit ¶ 8.

33. The bar seats 10 patrons. Generally one bartender works each shift, sometimes when busy, Collin will schedule two. Weiner Decl. Ex. A: Tr. 34, 36-37 (Collin).

34. Bartenders receive tips in cash and credit cards from patrons which they contribute to the tip-money shared by Plaintiffs. Weiner Decl. Exs. A: Tr. 38 (Collin); C: Tr. 123-124 (Garcia); Collin Affidavit ¶ 30.

35. Bartenders shared tips with captains, servers, runners, bussers, and when they worked at a private banquet event, the service charge was also shared by the banquet coordinator. Weiner Decl. Ex. A: Tr. 42-44 (Collin); Collin Affidavit ¶ 19.

36. Bartenders' primary duty is to serve patrons at the bar and make drinks for patrons dining at tables. Weiner Decl. Ex. A: Tr. 80 (Collin); Collin Affidavit ¶ 11.

37. Bartenders prepare alcoholic and non-alcoholic beverages to order. Bartenders converse with patrons, serve drinks to patrons at the bar, and deliver drinks to patrons at tables. Weiner Decl. Exs. A: Tr. 80 (Collin); H: Tr. 9-11, 18-21 (Ricardo); Collin Affidavit ¶ 11.

38. Bartenders also prepare drink orders and serve drinks to patrons at private banquet events. Weiner Decl. Ex. H: Tr. 9-11 (Ricardo); Collin Affidavit ¶ 16.

39. Some patrons of the Restaurant come solely to have drinks at the bar and are served solely by the bartender. Weiner Decl. Ex. A: Tr. 198-199 (Collin).

40. Plaintiffs do not dispute that bartenders serve patrons, but assert they did not see bartenders serve customers. Weiner Decl. Exs. B: Tr. 175 (Khassanov); C: Tr. 122-123 (Garcia).

41. Plaintiffs admit bartenders are entitled to a share of the tip money. Weiner Decl. Ex. E: Tr. 107 (Zahariev).

**B.  *Captains***

42. The Restaurant pays captains an hourly rate plus tip-money in accord with the point system. Weiner Decl. Exs. A: Tr. 42-44 (Collin); N: (D00037; Handbook, p. 5); Collin Affidavit ¶¶ 8, 19, 27-28.

43. Collin typically schedules one captain to work each shift. When busy, Collin schedules two captains. Weiner Decl. Ex. A: Tr. 37 (Collin).

44. Captains perform customer service duties which are substantially similar to servers' duties. Captains act as floating servers over four or five sections of the Restaurant, rather than being designated to tables in one section. Weiner Decl. Exs. A: Tr. 80 (Collin); F: Tr.

7

6 (Clairay) (duties did not change following promotion from server to captain); I: (D00001-00005; Job Description – Captain, revised 9/15/05); Collin Affidavit ¶¶ 9-10.

45. Captains greet customers at tables, take patrons' orders, answer patrons' questions about the Restaurant's menu and wine selections, open bottles of wine for patrons, serve meals to tables, give patrons their checks at the end of the meal, and engage patrons in conversation to evaluate their satisfaction to assist Mr. Collin in improving customer service. Weiner Decl. Exs. A: Tr. 79-80 (Collin); F: Tr. 31-32, 41-42, 59 (Clairay); D: Tr. 28 (Garnek); B: Tr. 60-65, 146-147 (Khassanov); C: Tr. 57-60, 106-109 (Garcia); E: Tr. 111-113 (Zahariev); I: (D00001-00005; Job Description – Captain, revised 9/15/05); Collin Affidavit ¶ 9.

46. Collin hires captains, bartenders and banquet coordinators to provide direct customer service to patrons. Weiner Decl. Ex. A: Tr. 82, 134-135 (Collin); Collin Affidavit ¶ 1.

47. Captains prepare end of shift reports for Mr. Collin which summarize the shifts' business, including patrons' positive or negative comments. Captains ask patrons for their comments to assist Mr. Collin to improve customer service. Weiner Decl. Exs. A: Tr. 82-83 (Collin); F: Tr. 11, 60 (Clairay).

48. Captains have no authority to hire or fire, promote, demote, set wage rates or duties, set schedules, or discipline employees. Weiner Decl. Exs. A: Tr. 84 (Collin); E: Tr. 24-25, 32-33, 84, 109-113, 123, 162-63, 178-179, 265-266 (Zahariev); D: Tr. 22-23, 25, 28 (Garnek); B: Tr. 144 (Khassanov) ("Q. Did the captains have the authority to hire and fire employees? A. Not that I'm aware of it."); C: Tr. 48-50, 114 (Garcia) ("Q. Who did you see captains at Brasserie Ruhlmann hire? A. I don't see anybody."); F: Tr. 61 (Clairay); Collin Affidavit ¶ 8.

8

49. Plaintiffs speculate that captains had discretion to increase points for tips, but provide no facts to support that speculation. Weiner Decl. Exs. E: Tr. 128-131, 134-135 (Zahaviev) ("Q. And how do you know that [changes in points] had not been determined by Bernard Collin. A. I have no idea Q. You don't know who made that determination, do you? A. I don't know who made the decision."); D: Tr. 60-61, 63, 104, 113-114 (Garnek) ("I have received less points, as I said, and more points, but I cannot specify numbers or dates or who gave it to me, more or less points, but that's the fact that happened.")

50. Plaintiffs' speculation that captains performed the duties of a manager are unfounded. Weiner Decl. Exs. D: Tr. 40-41 (Garnek); E: Tr. 130-131 (Zahariev) ("Q. So your testimony that [changes in points] was at the manager's discretion, are you referring to the general manager, Bernard Collin? A. I am referring to the captains and Bernard Collin. Q. You don't know whether it was at the captains' discretion or not, do you? A. I don't know."); Collin Affidavit ¶ 8.

C. *Servers (Waiters and Waitresses)*

51. Servers, like captains, bartenders and banquet coordinators, are paid an hourly rate plus tip-money from the Restaurant's point system. Weiner Decl. Exs. A: Tr. 42-43 (Collin); N: (D00037; Handbook, p. 5); Collin Affidavit ¶¶ 8, 19, 27-28.

52. Servers share tips with captains, runners, bussers, bartenders, and banquet coordinators when working a private banquet event. Weiner Decl. Ex. P: (D 00064; Policy No. F&B108 Gratuity Pooling, effective 1/1/03, executed by Garcia on 10/17/07); Collin Affidavit ¶¶ 19, 31-32.

53. Servers' duties are similar to captains' duties and include taking food orders, entering the order into the Restaurant's computerized system for preparation, supervising runners to ensure that the food is delivered to patrons on time, serving wine, providing the check

9

upon request and closing out the table at the end of a meal. Weiner Decl. Exs. A: Tr. 79 (Collin); F: Tr. 33-34 (Clairay); D: Tr. 27-28 (Garnek); B: Tr. 23 (Khassanov); Collin Affidavit ¶ 9.

### D.   *Runners*

54.   Runners are paid an hourly rate plus tip-money from the point system. Weiner Decl. Exs. A: Tr. 42-43 (Collin); N: (D00037; Handbook, p. 5); Collin Affidavit ¶¶ 8, 19, 27-28.

55.   The runners' primary duty is to deliver meals from the kitchen to the tables. Runners have little customer interaction. Weiner Decl. Exs. A: Tr. 77-78 (Collin); F: Tr. 32-33 (Clairay); E: Tr. 76 (Zahariev); C: Tr. 114-115 (Garcia); Collin Affidavit ¶ 12.

### E.   *Bussers*

56.   Bussers are paid an hourly rate plus tip-money from the point system. Weiner Decl. Exs. A: Tr. 42-44 (Collin); N: (D00037; Handbook, p. 5); Collin Affidavit ¶¶ 8, 19, 27-28.

57.   The bussers' primary duty is to clear and reset the tables, fold napkins, polish silverware, and assist members of the service team to provide service to the Restaurant's patrons. Bussers have little customer interaction. Weiner Decl. Exs. A: Tr. 78 (Collin); F: Tr. 33 (Clairay); D: Tr. 45-46 (Garnek); C: Tr. 95-96 (Garcia); Collin Affidavit ¶ 13.

### F.   *Banquet Coordinator*

58.   Collin hires banquet coordinators to assist patrons making reservations for private banquet events. Weiner Decl. Ex. G: Tr. 9 (Weidman); Collin Affidavit ¶¶ 1, 14.

59.   The Restaurant accommodates requests from customers to reserve portions of the Restaurant for private banquet events. Collin Affidavit ¶¶ 14-15.

60. The banquet coordinator is the Restaurant's primary point of contact for all the customers' requests regarding hosting a private banquet. Weiner Decl. Ex. G: Tr. 9-10 (Weidman); Collin Affidavit ¶¶ 14-15.

61. The banquet coordinator discusses with patrons the Restaurant's menu, and assists patrons in their selection of food and wine, décor of the banquet room, and all details of the customer's private party. Weiner Decl. Exs. E: Tr. 273-274 (Zahariev); C: Tr. 173 (Garcia); A: Tr. 100 (Collin); Collin Affidavit ¶¶ 14-15.

62. On the day of the patron's banquet, the banquet coordinator greets the guests, and with the servers and captains, seats the guests, serves wine and assists other members of the customer services team to ensure guests receive a high level of service. Weiner Decl. Exs. E: Tr. 153-156, 159, 162-163 (Zahariev); B: Tr. 101-103 (Khassanov); C: Tr. 236-237 (Garcia); A: Tr. 101 (Collin); F: Tr. 41-43 (Clairay); G: Tr. 9-10, 52 (Weidman); Collin Affidavit ¶ 15.

63. The banquet coordinator answers patrons' questions about cost options for the banquet. Weiner Decl. Ex. G: Tr. 11-12, 51-52 (Weidman).

64. The Restaurant charges a separate service charge of 21 percent to patrons for private banquets which the Restaurant distributes in its entirety to servers, runners, bussers, bartenders, captains and the banquet coordinator. Weiner Decl. Ex. A: Tr. 63-64, 73-74 (Collin); G: Tr. 14-15 (Weidman); Collin Affidavit ¶¶ 31-32.

65. One hundred percent of the service charge collected by the Restaurant is paid to the service customer employees who worked the private banquet event. Weiner Decl. Ex. A: Tr. 73-74 (Collin); Collin Affidavit ¶ 32.

66. The banquet coordinator is paid an hourly rate, and serves customers of private banquet events with designated captains, servers, bussers and runners. No member of the customer service team, including the banquet coordinator, has authority to hire, fire, set wage

rates, schedules or other terms and conditions of employment. Weiner Decl. Exs. A: Tr. 102 (Collin); F: Tr. 37-38 (Clairay); Collin Affidavit ¶¶ 8, 19, 27-28.

    67. Bartenders prepare and serve drink orders to patrons at private events. Weiner Decl. Ex. H: Tr. 9-11 (Ricardo); Collin Affidavit ¶ 16.

## V. **Tip Distribution**

    68. Tip distribution occurs by check at the end of each week. Weiner Decl. Ex. N: (D00037; Handbook, p. 5); Collin Affidavit ¶ 25.

    69. The Restaurant reports tip-money paid to employees on their pay stubs and IRS forms W-2. Weiner Decl. Exs. A: Tr. 63 (Collin); D: Tr. 88 (Garnek); K: (D00008-00017; Garcia Payroll Records); P: (D 00064; Policy No. F&B108 Gratuity Pooling, effective 1/1/03, executed by Garcia on 10/17/07); Collin Affidavit ¶ 26.

    70. The Restaurant distributes all tip-money to captains, servers, bartenders, runners, bussers, and banquet coordinators and has a detailed written policy governing the distribution of tips and service charges. Captains receive 6 points, servers 5 points, bartenders 5 points, runners 4 points, and bussers 3 points. The banquet coordinator received 5 points from the service charge billed to private banquet events during Plaintiffs' employment. The Restaurant pays 100% of all tip-money to the employees of the customer service team, and no Defendant takes or retains any tip-money whatsoever. Specifically, neither the Restaurant, nor myself, nor Mr. Denoyer nor Mr. Marinier take or retain any tip-money whatsoever. Weiner Decl. Exs. P: (D 00064-65; Policy No. F&B108 Gratuity Pooling, effective 1/1/03, executed by Garcia on 10/17/07 and Memo to All Employees re Point Distribution); A: Tr. 147-153 (Collin); C: Tr. 137 (Garcia); D: Tr. 32-33, 35 (Garnek); Collin Affidavit ¶¶ 19, 22-23, 28.

## VI. Scheduling

71. Captains do not set employees' schedules. Rather, Mr. Collin schedules all hours of work for captains, servers, bussers and runners. Weiner Decl. Exs. A: Tr. 119 (Collin); F: Tr. 52 (Clairay); Collin Affidavit ¶¶ 1, 8.

## VII. Uniform Maintenance

72. The Restaurant provided Plaintiffs with vests and aprons at no cost to Plaintiffs. Weiner Decl. Ex. A: Tr. 93-96 (Collin); Collin Affidavit ¶ 37.

73. A clean apron is provided by the Restaurant to runners, bussers, servers and bartenders at the beginning of each shift. Weiner Decl. Ex. A: Tr. 95-96 (Collin); Collin Affidavit ¶ 37.

74. A clean vest is provided by the Restaurant to members of the service team as needed. Weiner Decl. Ex. A: Tr. 93-95 (Collin); Collin Affidavit ¶ 37.

75. Employees are not required to clean aprons or vests at their own expense. Weiner Decl. Exs. E: Tr. 147, 222-223 (Zahariev); A: Tr. 94-96 (Collin); F: Tr. 81-82 (Clairay); B: Tr. 138-139 (Khassanov); Collin Affidavit ¶ 37.

## VIII. Trainees Are Paid Minimum Wage

76. While Plaintiffs were in training they were paid the full statutory minimum wage, and did not receive tips, or a tip credit. Weiner Decl. Exs. E: Tr. 14 (Zahariev); D: Tr. 10 (Garnek); B: Tr. 24 (Khassanov); C: Tr. 68-69 (Garcia); A: Tr. 123 (Collin); Collin Affidavit ¶ 36.

77. While in training, Plaintiff servers learned the menu, table numbers, hours of operation and shadowed other employees to understand the proper functioning of the Restaurant. Weiner Decl. Exs. A: Tr. 123 (Collin); F: Tr. 35 (Clairay); B: Tr. 22-23 (Khassanov).

78. While in training, Plaintiff bussers learned to set up and clear tables, dining service procedure, and table number recognition. Weiner Decl. Ex. A: Tr. 125 (Collin).

Dated:  New York, New York
        August 13, 2010

EPSTEIN BECKER & GREEN, P.C.

By: _____
Douglas Weiner
**dweiner@ebglaw.com**
Robert R. Barravecchio
**rbarravecchio@ebglaw.com**
250 Park Avenue
New York, NY  10017
(212) 351-4500
*Attorneys for Defendants*